IN THE UNITED STATES DISTRICT COURT
FOR THE DISTICT OF PUERTO RICO

| | |
|---|---|
| Ricardo M. Delgado Colón<br><br>Plaintiff<br><br>Vs.<br><br>Universidad Politécnica de Puerto Rico, Inc.<br><br>Defendant | Civil No.<br><br>Matter: Disability Discrimination<br><br>Jury Trial is Demanded |

## COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff, Ricardo M. Delgado-Colón, through the undersigned counsel, and very respectfully state and prays as follows:

### I. Introduction

This is a disability discrimination action seeking declaratory and injunctive relief and monetary damages brought by Mr. Ricardo M. Delgado Colón, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA"), Section 504 of the Rehabilitation Act of 1973 and for a declaratory judgment and injunctive relief under 28 U.S.C. §2201.

Plaintiff Ricardo M. Delgado-Colón is currently enrolled at the Universidad Politécnica de Puerto Rico, Orlando Campus, herein after ("UPPR" or "institution"), seeking redress for the discriminatory and illegal actions taken by the Institution based on his disability.

Mr. Delgado alleges that the UPPR discriminated and retaliated against him when he requested reasonable accommodation to the institution. Mr. Delgado further alleges that the disability-based discrimination against him escalated to the point that the institution refused to reimburse him tuition fees and costs related to courses that he had to withdraw because the professors refused to provide reasonable accommodation according to the Vocational

Rehabilitation Administration written requests. UPPR's actions escalated to the point that all reasonable accommodations requests were ignored, forcing Mr. Ricardo M. Delgado-Colón to complete classes without accommodations. As a consequence of UPPR's failure and refusal to provided Plaintiff reasonable accommodations he is required to re-take failed courses.

Plaintiff requests compensatory and punitive damages, as well as equitable and declaratory relief and other remedies provided by the applicable statutes.

## II. Jurisdiction and Venue

1. This Honorable Court has jurisdiction to entertain this cause of action, pursuant to 28 U.S.C. § 1331, which gives districts courts original jurisdiction over civil actions arising under the Constitution, law or treaties of the United States, in the present case plaintiff invokes the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791 et seq. and Sub Chapter III of the American Disabilities Act of 1990, 42 U.S.C. §12181 (7)(J) due to the fact that the UPPR is a postsecondary institution.

2. This action is brought pursuant to the Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 due to the fact that the UPPR is a postsecondary institution that receives and benefits from Federal financial assistance as defined by 29 U.S.C. §794 and Sub Chapter III of the American Disabilities Act of 1990, 42 U.S.C. §12181 (7)(J) in that there exists an actual justiciable controversy as to which Plaintiff require a declaration of his rights by this Court and injunctive relief to prohibit the Defendants from violating the laws, and regulations.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## III. Parties

4. Mr. Ricardo M. Delgado-Colón is a citizen of the United States of America and resident of Orlando, Florida.

2

5. Mr. Ricardo M. Delgado-Colón, at all relevant times to the instant cause of action was and still is an enrolled student of the UPPR.

6. The UPPR is a non-profit entity incorporated under and authorized to conduct business by the laws of the Commonwealth of Puerto Rico.

7. The UPPR is also authorized to do business as a non for profit in the state of Florida.

8. UPPR's principal place of business "nerve center" is located at 377 Ponce De Leon Avenue, Hato Rey, PR 00918. (See Exhibit 1).

9. The UPPR is also operates a remote site known as UPPR, Orlando Campus

10. UPPR, principal place of business is located in San Juan, Puerto Rico.

11. UPPR is a private entity that that offers postgraduate education programs and as such is considered a public accommodation pursuant to 42 U.S.C. § 12181(7)(J).

## IV. Nature of the Case

12. This action is brought pursuant to the Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791 *et seq*. and Sub Chapter III of the American Disabilities Act of 1990, 42 U.S.C. §12181 *et seq*., seeking compensatory, punitive and liquidated damages, equitable and injunctive relief to seek redress for UPPR's discrimination and retaliation against Mr. Ricardo M. Delgado-Colón, on the basis of disability.

## V. Facts

13. Mr. Ricardo M. Delgado-Colón decided his post-secondary studies on August 2017.

14. In doing so, he enrolled in the Universidad del Turabo to pursue a degree in Computer Engineering on or about August 23, 2017.

15. The Universidad del Turabo granted reasonable accommodations to Mr. Ricardo M. Delgado-Colón as instructed by the Vocational Rehabilitation vocational counselor.

16. On September 2017 Puerto Rico was struck by hurricanes Irma and Maria.

17. The facilities of the Universidad del Turabo, Gurabo Campus, were severely affected by Hurricane Maria in addition to the power, water and communications outage.

18. Mr. Ricardo M. Delgado-Colón moved to Orlando, Florida on September 30, 2017.

19. On or about November 15, 2017 the administration of the university informed to its students an option to finish the semester at the facilities located at Orlando, Florida campus.

20. At that time, despite all efforts to reestablish power and water supply, Mr. Ricardo M. Delgado-Colón lacked said services at his home.

21. Mr. Ricardo M. Delgado-Colón needed and still needs continuous power at his residence in order to take care of certain health conditions that he suffers from.

22. The parents of Mr. Ricardo M. Delgado-Colón live in Orlando, Florida.

23. Mr. Ricardo M. Delgado-Colón requested to the Dean of the Universidad del Turabo to authorize him to continue his current academic semester at the Orlando, Florida campus.

24. Mr. Ricardo M. Delgado-Colón finished successfully the semester.

25. On or about December 27, 2017 Mr. Ricardo M. Delgado-Colón requested to the Dean of the Universidad del Turabo to authorize him to enroll in a course at the Universidad Politécnica, Orlando campus.

26. Mr. Ricardo M. Delgado-Colón was authorized to enroll in the Calculus I course as he requested.

27. Mr. Ricardo M. Delgado-Colón passed satisfactorily the above mentioned course.

28. On or about June 12, 2018 Mr. Ricardo M. Delgado-Colón requested to the Dean of the Universidad del Turabo a second authorization to enroll in two classes (Calculus II and Physics I) at the Universidad Politécnica, Orlando Campus and it was approved on the same date.

29. Mr. Ricardo M. Delgado-Colón did enroll in said courses.

30. Mr. Ricardo M. Delgado-Colón brought to the attention of the Physics Professor, Dr. Iván Padrón (professor Padrón was also the Academic Director of the UPPR, Orlando Campus), in several occasions, that he needed reasonable accommodation to maximize his learning and academic achievement.

31. On or about September 11, 2018, Mr. Ricardo M. Delgado-Colón filed a Request for Reasonable Accommodation before the Universidad Politécnica, Orlando Campus. At that time, he went to Dr. Ivan Padrón, who at the time was also the Academic Director, due to the fact that the UPPR, Orlando Campus did not have, and still does not have a Counseling Office. Mr. Ricardo M. Delgado-Colón handed him the official Vocational Rehabilitation Reasonable Accomodation Request and told him that he urgently needed reasonable accommodations. Immediately Dr. Padrón told him that the reasonable accommodation request should be processed through the Pueto Rico Campus.

32. The Universidad Politécnica, Orlando Campus, refused to grant reasonable accommodation to Mr. Ricardo M. Delgado-Colón, during the August-October 2018 trimester.

33. Dr. Padrón told Mr. Ricardo Delgado-Colón to process his reasonable accommodation trough the Puerto Rico Campus.

34. On October 3, 2018, Mr. Raúl Rosado, Vocational Rehabilitation Counselor (in charge of Mr. Ricardo Delgado-Colón case) contacted via telephone and email Dr. Luis Delgado regarding Mr. Delgado's reasonable accommodations request. Mr. Ricardo M. Delgado-Colón did no receive any response regarding his reasonable accommodations request.

35. On October 4, 2018, Dr. Luis Delgado (Orlando Campus Director), even though he had personal knowledge that Mr. Ricardo M. Delgado-Colón was at the time, and still is, a Vocation Rehabilitation participant, he refused to address the matter. The academic semester ended and no reasonable accommodations were granted.

5

36. On or about March 20, 2019, Mr. Ricardo M Delgado-Colón talked to Dr. Carlos Osorio in order to deal with the reasonable accommodations request, given the fact that Dr. Delgado and Padrón refused and failed to address the matter.

37. On March 21, 2019, Dr. Carlos Osorio told to Mr. Ricardo M. Delgado-Colón that he had to talk to Dr. Luis Delgado because he was the only person with the duty and authority to address the matter.

38. On April 24, 2019, Mr. Ricardo M. Delgado-Colón had to call Dr. Norma Tirado (UPPR's Clinic Psychologist) to talk about the situation regarding the reasonable accommodations request and how it has caused him stress and anxiety. She told him that she was going to talk to UPPR's, Puerto Rico Campus, Vocational Counselor, about the situation in order to try to solve it or find a solution.

39. On, May 2, 2019, Dr. Luis Delgado sent an email requesting to meet Mr. Ricardo M. Delgado-Colón in order to discuss the conversation he had with Dr. Norma Tirado.

40. On May 15, 2019, Mr. Ricardo M. Delgado-Colón tendered to Dr. Carlos Osorio his request for cancellation of two courses due to the lack of reasonable accommodations.

41. The UPPR did not approve the cancellation of the courses as requested.

42. On or about June 10, 2019, Mr. Ricardo M. Delgado-Colón, brought to the attention of Dr. Miguel A. Riestra (Vice President of Academic Affairs) the ordeal and painful situation he was living after requesting reasonable accommodations to the UPPR.

43. Dr. Miguel A. Riestra requested to Mr. Ricardo M. Delgado-Colón to prepare a report detailing all the incidents he went through.

44. On July 8, 2019, a meeting was held in which Dr. Riestra, Dr. Ernesto Barquet and Mr. Ricardo M. Delgado were present. At that meeting, the required report was delivered to Dr. Riestra. During the meeting, Mr. Ricardo M. Delgado-Colón received a letter, indicating and

6

accepting the problem that has occurred and its corrective measures. Before leaving, Mr. Ricardo Delgado-Colón told Dr. Riestra that he was not satisfied, that things were missing and that his case needed to be properly investigated. Dr. Riestra wrote a letter to the vocational counselor (Mr. Raúl Rosado) accepting the situation of reasonable accommodation and recommending that the vocational rehabilitation permit be extended in order to finish the academic degree.

45. On July 11, 2019, Mr. Ricardo M. Delgado-Colón sent an email to Dr. Riestra containing the written report and its annexes and confirmed the receipt of the same with Dr. Riestra's secretary, Ms. Rosa Acosta.

46. On July19, 2019, Mr. Ricardo M. Delgado-Colón sent a letter to Dr. Riestra requesting an investigation concerning the cancellation of two courses (ENGI 2270 and ENGI 2260), for which reasonable accommodations were not provided, and Profesor Calcaño awarded a WF grade and the accreditation of courses from Universidad del Turabo, particularly because the UPPR initially accredited 62 credits and all of the sudden they were reduced to 56 credits.

47. During the August-October 2019 the UPPR refused and failed again to provide reasonable accommodations, neither provided a vocational counselor to Mr. Ricardo M. Delgado-Colón.

48. During the November (2019)-January (2020) the UPPR refused and failed again to provide reasonable accommodations, neither provided a vocational counselor to Mr. Ricardo M. Delgado-Colón.

49. During the March-May 2020 the UPPR refused and failed again to provide reasonable accommodations, neither provided a vocational counselor to Mr. Ricardo M. Delgado-Colón.

50. On March 8, 2020, Mr. Ricardo M. Delgado-Colón requested to Dr. Luis Delgado and Dr. Ivan Padrón to cancel courses CS3010 and CECS 4200 because the courses were taught

completely online and the institution did no provided reasonable accommodations for said courses.

51. On or about April 21, 2020, Dr. Miguel Riestra sent to Mr. Ricardo M. Delgado-Colón an email denying the courses cancellation request.

52. On May 2, 2020 Dr. Luis Delgado called Mr. Ricardo M. Delgado-Colón to tell him that the UPPR was not going to cancel the courses as requested and, as an alternative, an Incomplete grade would be awarded. Mr. Ricardo M. Delgado-Colón agreed to the alternative remedy as long as it had no impact on his academic achievement. Dr. Luis Delgado assured to Mr. Ricardo M. Delgado-Colón that the transaction was not going to have any impact, only an Incomplete grade recorded.

53. On May 18, 2020, Dr. Ivan Padron ordered to record an IF grade (for course CECS 4200).

54. The UPPR did not provided reasonable accommodations to Mr. Ricardo M. Delgado-Colón throughout the Fall 2020 session.

55. Mr. Ricardo M. Delgado-Colón enrolled in CECS 4202 and CECS 3200 for the Fall 2020 trimester. The UPPR cancelled said coursed at Orlando Campus.

56. The UPPR offered Orlando Campus students the alternative to take the CECS 4202 remotely from Puerto Rico.

57. Mr. Ricardo M. Delgado-Colón enrolled in said course and requested reasonable accommodations.

58. On October 8, Mr. Ricardo M. Delgado-Colón requested the cancellation of the CECS 4202 because he was unable to reach the course professor and the requested reasonable accommodations were denied as usual.

59. On October 28, 2020 Dr. Riestra sent an email to Mr. Ricardo M. Delgado-Colón denying the requested course cancellation because Professor Alfredo Cruz allegedly provided reasonable accommodations. Particularly, Dr. Riestra told to Mr. Ricardo M. Delgado-Colón that professor Cruz confirmed him that he did provide Mr. Ricardo M. Delgado-Colón reasonable accommodations and opportunities to access the same class materials or information, participating in the same "teacher-student" interactions, and enjoying the same services as other students had. Professor Cruz statements are completely false because Mr. Ricardo M. Delgado-Colón did not have the access to the class because the professor Cruz only granted access as a "guest" to the "Black Board Collaborate" educational platform, said login status did not allow Mr. Ricardo M. Delgado-Colón to access the class full content as the other students.

60. On or about November 10, 2020 Mr. Ricardo M. Delgado-Colón enrolled in the CECS 4200 (Programming Languages). Fourteen (14) day later he had access to the class via Black Board Collaborate. Then, on November 17, 2020, Dr. Luis Delgado sent an email to Mr. Ricardo M. Delgado-Colón indicating that he conveyed the reasonable accommodations specifications to Professor Luis Ortiz. At present and on the date of filling this lawsuit, the reasonable accommodations applicable to the aforementioned class have not yet been discussed neither established.

61. The UPPR has violated Mr. Ricardo M. Delgado-Colón's rights, as a disabled student, since September 11, 2018 to present time.

### VI. Cause of Action
### Violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act

62. Mr. Ricardo M. Delgado-Colón realleges and incorporates by reference the allegations set forth in 1-59 herein above.

9

63. Mr. Ricardo M. Delgado-Colón has a qualified disability and has otherwise demonstrated that he has the ability to fulfill the requirements to obtain a Bachelor Degree in Computer Science based on: i) the Plaintiff's receipt of a High School Diploma, ii) the Plaintiff's acceptance to the Defendant's undergraduate program, and iii) the number of classes taken and passed by the Plaintiff.

64. The courts have held that, once a student has sufficiently documented that he (or she) has a qualifying disability, a college (Public Accommodation) is responsible for providing appropriate auxiliary aids and services and reasonable modifications of policy (accommodations) that do not result in unfair advantage, require significant alteration to its programs or activities, result in the lowering of academic or technical standards, or cause the college to incur undue financial hardship.

65. When accommodations are necessary, they must be provided in a timely fashion. Accommodations include, but are not limited to, adjustments in time lines for the completion of degree requirements, and adaptation of specific courses in the way they are delivered.

66. The UPPR is subject to Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §§s 700-708, 794) due to the fact that funding for programs, activities (in part) has been provided through federal financial assistance from the U.S. Department of Education.

67. The UPPR is an accredited institution. As an accredited institution, students attending UPPR institution are able to receive financial aid, federal guaranteed student loans, and grants to pay for the tuition (cost) of attending the University. Such funding sources subject the University, and the Defendant, to Section 504.

68. Under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 prohibits discrimination on the basis of disability against students with disabilities. The determination of disabled status under Section 504 is identical to that delineated within the ADA.

69. Further, Title III of the ADA prohibits private colleges and universities from discriminating against people with disabilities; 42 U.S.C. §12182.

70. In the instant case, the UPPR presented itself as an institution that fosters the development of students with disabilities at least on paper. UPPR's Mission statement indicates that institution will:

> "Protect people with disabilities from discrimination within the University. Provide you, according to your condition, reasonable accommodation, such as: extended time, modification or adjustment of exams, interpreters, tutors, annotators, among others, that allow you to perform the functions of your studies."[1]

71. In addition the UPPR lures students with disabilities by providing forms of reasonable accommodations. In the case of Mr. Ricardo M. Delgado-Colón, the institution has failed and refused to provide reasonable accommodations or services and has failed to make reasonable modifications of its policy ("extended time, modification or adjustment of exams, interpreters, tutors, annotators, among others, that allow you to perform the functions of your studies") even when such auxiliary aid or service or modifications of policy would be a de minimis cost to the UPPR.

72. The UPPR could have provided de minimis cost accommodation to Mr. Ricardo M. Delgado-Colón such as mentioned above all of which would have accommodated his psychiatric disability.

73. The UPPR, despite having knowledge of the Mr. Ricardo M. Delgado-Colón psychiatric disability and several requests for accommodations, UPPR's repeatedly refused to provide the requested accommodations which would have assisted the Plaintiff in the learning process.

---

[1] https://www.pupr.edu/spi/

74. As a result of UPPR's representatives repeatedly and continually failing to accommodate the Plaintiff's psychiatric, he failed several classes and is being forced to re-take the same class and repay tuition for that same class at UPPR. UPPR's actions resulted in the Plaintiff needing additional time to graduate and added costs due to paying additional tuition for the classes required being re-taken.

75. On information and belief, as a private university (a public accommodation defined by §12181(7)(J)), the UPPR placed its primary objective on generation of revenue through tuition payments instead of accommodating the needs of the Plaintiff. The Defendant's tuition-fee driving business model was/is bereft of purpose of a learning institution, and in so applying this model, Defendant failed to accommodate the Plaintiff who suffers from a psychiatric disability.

76. Mr. Ricardo M. Delgado-Colón have been encumbered with an inordinate amount of student loan debt, and has/have been denied the ability to graduate within a reasonable time.

77. Public Accommodations such as the Defendant's University are required to provide full and equal enjoyment of their services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(7)(J) and §12182(a). Specifically, the public accommodation must:

> a) Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of the services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person (or, private entity) that owns, leases, or operates a place of public accommodation. 42 U.S.C. §12182(a)
>
> b) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §§s 12181(9), §12182(a), 12182(b)(2)(A)(ii), 12182(b)(2)(A)(iii).

> c) Ensure that no individual with a disability is denied services or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

78. By the Defendant's completely unreasonable failure and refusal to accommodate Mr. Ricardo M. Delgado-Colón for his disability, the Defendant has violated Title III of the ADA and Section 504 in numerous ways, including discriminatory action which occurred when the Defendant:

> a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA and of 28 C.F.R. §36.301; specifically, failure to maintain policies to accommodate individuals with hearing disabilities at graduate educational institutions (a Place of Public Accommodation),
>
> b) Denied full and equal access to, and full and equal enjoyment of, services, facilities, privileges, and other advantages of the Public Accommodation (the UPPR) in violation of 42 U.S.C. §12181(7)(J), §12182(a); 42 U.S.C. §§12182(b)(2)(A)(ii), (iii);

79. Pursuant to 42 U.S.C. §12188(a)(2), this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to require the Defendant to assure that the UPPR, which is a Place of Public Accommodation, provide note takers, extra time for tests, and other accommodations to individuals with hearing disabilities who are enrolled in and/or taking classes at the UPPR and further permit such individuals to record class presentations and lectures and/or copies of lecture notes in order that such individuals can comprehend class presentations and lectures, among other forms of accommodations for disabled individuals.

80. This Court is vested with the authority to require the Defendant to assure that the institution accommodates individuals with learning disabilities.

## VII. Prayer for Relief

**WHEREFORE**, Plaintiff Ricardo M. Delgado-Colón, respectfully prays that this Court grant the following general relief against UPPR including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that UPPR's practices, policies, and procedures have

subjected Plaintiff to discrimination in violation of Title III of the ADA and Section 504 of The Rehabilitation Act, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny accommodations to integrate individuals with learning disabilities within Defendant's public accommodation. This includes entry of a permanent injunction ordering the Defendant UPPR to:

     a) The Court issue a declaratory judgment that Defendant has not adhered to, and is therefore in violation of, its Students with Disabilities and Mission Statements as to diversity and social responsibility (and in so failing, has violated the Plaintiff's rights as guaranteed by the ADA and Section 504 of the Rehabilitation Act);

     b) The Court issue a declaratory judgment that Defendant UPPR has violated the Plaintiff rights as guaranteed by the ADA, Section 504 of the Rehabilitation Act, and the Department of Education;

     c) The Court enter an Order compelling the UPPR to adhere to its Students with Disabilities and Mission Statements as to diversity and social responsibility;

     d) The Court enter an Order compelling the UPPR to appoint, employ and retain an ADA coordinator to insure that the needs of individuals with hearing disabilities are met, as delineated within UPPR's Students with Disabilities and Mission Statements, the ADA and Section 504;

     e) The Court enter an Order compelling the UPPR to contract with an independent ADA expert/consultant for the purposes of that ADA expert/consultant review its policies, practices and procedures for five years commencing from the date of the Court's Order to insure that Defendant is in compliance with the ADA and Section 504;

f) The Court enter an Order compelling the UPPR to provide for appropriate accommodations to individuals who have psychiatric disabilities including provision of services and reasonable modifications of policy;

g) The Court enter an Order compelling the UPPR to provide training to its staff and professors as to their obligation to provide aids and services and reasonable modifications of policy to students with disabilities;

h) The Court enter an Order requiring to the UPPR to promulgate and comply with policies and procedures to ensure that the institution and its staff (employees, administrators, and educators,) do not discriminate against individuals with substantial hearing loss, and that the Defendant accommodate individuals with psychiatric disabilities in accordance with Title III of the ADA, 42 U.S.C. §§12181-12189 and Section 504;

j) The Court to enter an Order that the UPPR Defendant permit Plaintiff to re-take the classes he have failed to obtain a passing grade due to UPPR's failure to provide reasonable accommodations without charge of tuition or fees, with the requisite accommodations which the Plaintiffs require due to his disabilities;

k) The Court to enter an Order that the UPPR cancel any and all costs for tuition and fees charged by the Defendant for any classes which the Plaintiff has or have been required to re-take due to the Defendant's failure and refusal to accommodate Plaintiffs for his disability.

l) The Court to enter an Order that the UPPR re-pay to financial institution which issued the tuition and fees to the Defendant the full complement of tuition and fees for any classes which Mr. Ricardo M. Delgado-Colón is or has been required to re-take due to the Defendant's failure and refusal to accommodate Plaintiff for his psychiatric disability so that the Plaintiff has effectively no student loan (debt) for classes she has

been required to re-take due to the Defendant's failing to accommodate the Plaintiff for his disability.

m) The Court to enter an Order that the UPPR pay to the financial institution which issued the tuition and fees to the Defendant any and all student loan interest, late fees, and penalties incurred (if any) by Plaintiff for any classes he is or has been required to re-take due to the Defendant's failing to accommodate the Plaintiff for his psychiatric disability such that the total amount remaining to be paid for student loans equals the base tuition of the UPPR's Bachelor Degree in Computer Science.

n) The Court to enter an Order that the UPPR compensate Mr. Ricardo M. Delgado-Colón for the opportunity cost of the income which the Plaintiff has been denied due to the additional time to complete the Bachelor Degree in Computer science due to the failure of the Defendant to accommodate the Plaintiff for his psychiatric disability during the duration of Plaintiff's education at the institution;

o) The Court to award compensatory damages including but not limited to distress, suffering, mental anguish, loss of dignity, and any other intangible injuries;

p) Award reasonable costs and attorney's fees; and

q) Award any and all other relief that may be necessary and appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th day of December 2020.

I hereby certify that on this same date, this document was filed was filed with the Clerk of the Court electronically (CM/ECF).

S/Juan A. Velez-Mendez, Esq.
USDC-PR 225902
Urb. Miradero
106 Camino de la Fuente
Humacao, Puerto Rico, 00791
Tel. (787) 594-1088
Fax (787) 719-6493
javmlaw@gmail.com